RICHARDS, D. B. A. AIR CITY VENDING CO., APPELLEE, *v.* SHAFFER MUSIC CO., APPELLANT.

[Cite as Richards v. Shaffer Music Co., 12 Ohio App. 2d 1.]

(No. 2955—Decided October 22, 1965.)

*Mr. Norman E. Routzohn,* for appellee.
*Messrs. Young, Pryor, Lynn, Strickland & Falke,* for appellant.

KERNS, J.  This is an appeal on questions of law from an order of the Dayton Municipal Court vacating a default judgment previously entered in favor of Shaffer Music Company,

appellant herein, and against Maurice Richards, d. b. a. Air City Vending Company, appellee herein.

The only error assigned in this appeal, as stated by the appellant, is as follows:

"Based upon the separate findings of fact and law the trial court erred as a matter of law, in granting plaintiff-appellee's petition to set aside the judgment taken by defendant-appellant in the previous Case No. D-27515."

This assignment of error is directed to the following findings of fact and conclusions of law, as narrated by the trial court:

"1. Defendant filed a 'Petition on Account' in this court against plaintiff on May 29, 1963. Plaintiff was properly served with summons on June 3, 1963. Answer day was June 12, 1963. Plaintiff failed to move, demur, or answer defendant's petition and defendant filed a default judgment entry July 2, 1963.

"2. Defendant informed plaintiff that the default judgment has been taken. Plaintiff then stated that his attorney was on vacation and asked defendant to do nothing further until his attorney returned August 3, 1963. Defendant agreed to wait until August 3, 1963, before proceeding with execution. Plaintiff's attorney left for his vacation shortly after July 2, 1963, and returned on August 3, 1963. Defendant filed its praecipe for execution on October 10, 1963. The court bailiff levied upon certain monies of plaintiff and paid same into court. Before said monies could be distributed to defendant, plaintiff filed his petition, the subject of this acton, to set aside defendant's judgment; plaintiff's petition was filed after the term of court within which defendant's judgment had been taken.

"3. Plaintiff, in his petition to set aside defendant's judgment, alleges: irregularity in obtaining said judgment, fraud in obtaining said judgment, unavoidable misfortune since his attorney was on vacation out of the country and that he had valid defenses.

"4. There was no evidence of any irregularity in obtaining defendant's judgment, however, plaintiff did dispute certain items listed in the account which could affect the amount owing. There was no evidence of any fraud practiced by the defendant in obtaining the judgment. Shortly after defendant took its

judgment, plaintiff's attorney, as stated *supra,* left for his vacation and left the country. This was unfortunate for plaintiff and could not have been avoided by him.

"5. The basic dispute between the parties involved an alleged sale of a cold drink vendor. Defendant had sent to plaintiff, at plaintiff's request, the said vendor in June, 1962. Defendant used this vendor but gave disputed evidence that it proved defective in certain respects. Friendly relations between the parties broke down. Plaintiff asked defendant to pick up the said vendor; defendant informed plaintiff, in writing, that if plaintiff would ship the said vendor to it, they would make a credit to his account. Defendant did not pick up the said vendor nor did plaintiff ship it to defendant. This vendor is still in plaintiff's possession.

"Conclusions of Law

"From the foregoing facts, plaintff is entitled, as a matter of law, to have the judgment taken by defendant set aside and to have the action tried on the merits. It was unavoidable that plaintiff's attorney left for his vacation when he did. Plaintiff's defenses, if true, could partially defeat defendant's claim. This court is always concerned with permitting a man to have his 'day in Court.' "

In reviewing these findings and conclusions, it should be noted with particularity that the judgment was vacated after term. See Section 1901.29, Revised Code. Hence, the Municipal Court, being governed by the practice and procedure of Courts of Common Pleas (Section 1901.21, Revised Code), was restricted to the grounds for vacation of judgments provided in Section 2325.01, Revised Code.

In the petition filed in the case, three of the grounds set forth in Section 2325.01, Revised Code, are relied upon for vacation of the judgment, but the judgment of the trial court, as disclosed by the findings of fact, was based entirely upon subsection (G) of the statute which provides:

"For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;"

However, it is clear from the findings of fact that the departure of appellee's counsel on vacation did not "prevent the party from * * * defending," because judgment was entered

prior to the time of said departure. Furthermore, the record discloses that counsel returned from vacation on August 3, 1963, which was two months before the term ended, and could, during such period, have sought vacation of the judgment without resorting to any of the grounds set forth in Section 2325.01, Revised Code. At that time or any time prior to October 2, 1963, the trial court had almost absolute control over the judgment.

We share the concern of the trial court "with permitting a man to have his 'day in Court,' " but the findings of fact in this case apparently do not reach any of the grounds set forth in Section 2325.01, Revised Code. On the contrary, the findings of fact, when specifically related to Section 2325.01 (G), Revised Code, appear to militate against the judgment.

The judgment of the Municipal Court must therefore be reversed on the ground that the action of the court in vacating the judgment was contrary to law.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.